IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN FIREARMS TRAINING CENTER, INC., | |
| Plaintiff, | CIVIL ACTION NO. 22-cv-756 |
| v. | JURY TRIAL REQUESTED |
| RIOT, LLC, | |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff for its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for unfair competition and false designation of origin under 15 U.S.C. §1125(a); and trademark infringement and false designation of origin under common law.

**THE PARTIES**

2. Plaintiff Wisconsin Firearms Training Center, Inc. ("Plaintiff") is a Wisconsin corporation having a principal place of business at 12730 W. Burleigh Rd., Brookfield, Wisconsin 53005.

3. Plaintiff is a National Shooting Sports Foundation (NSSF) indoor sport shooting and training center, serving shooters of all ages. It offers a variety of firearms courses and recreational leagues, sells firearms and accessories, and acts as a transfer agent for Federal Firearms Licensed (FFL) dealer-to-dealer transfers.

4. In its role as an FFL transfer agent, Plaintiff provides transfer services and assists customers by receiving firearms ordered from FFL dealers, firearm manufacturers, or firearm

1

importers and delivering these firearms to destination customers, in compliance with all applicable laws.

5. Plaintiff has done business as Wisconsin Firearms Training Center since 2015, and in that capacity has used the WISCONSIN FIREARMS and WI FIREARMS marks with respect to its goods and services since at least 2015.

6. Through its continuous use of WISCONSIN FIREARMS and WI FIREARMS to designate the source of its goods and services since at least 2015, Plaintiff has established common law rights in the WISCONSIN FIREARMS mark and WI FIREARMS mark in at least Wisconsin.

7. On information and belief, Riot, LLC ("Defendant") is a Wisconsin limited liability company having a principal place of business at W189N4936 Crest View Terrace, Menomonee Falls, Wisconsin 53051.

8. On information and belief, Defendant does business as Wisconsin Firearms & Transfers, with a place of business at 20316 W. Main St., Lannon, Wisconsin, 53046.

## JURISDICTION AND VENUE

9. Through the activities detailed herein, Defendant has infringed and continues to infringe Plaintiff's trademark rights in its WISCONSIN FIREARMS mark and WI FIREARMS mark in the State of Wisconsin, in this district and elsewhere, creating a likelihood of confusion between Defendant's goods and services and Plaintiff's goods and services.

10. Defendant is using the WISCONSIN FIREARMS mark in way that constitutes unfair competition and is confusingly similar to and infringes upon Plaintiff's trademark rights in its WISCONSIN FIREARMS mark in Wisconsin and in this district.

11. Defendant is using the WI FIREARMS mark in way that constitutes unfair competition and is confusingly similar to and infringes upon Plaintiff's trademark rights in its WI FIREARMS mark in Wisconsin and in this district.

12. This court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) because this action arises under the Trademark Laws of the United States, including 15 U.S.C. § 1125(a)-(d).

13. As a result of these actions and because Defendant is a Wisconsin limited liability company operating within the jurisdictional bounds of the District Court for the Eastern District of Wisconsin, this court has personal jurisdiction over defendant under Wis. Stats. § 801.05.

14. Also for those reasons, venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

15. Since at least 2015, Plaintiff has continuously used the trademarks WISCONSIN FIREARMS and WI FIREARMS to identify the business's goods and services.

16. Plaintiff operates a range and retail and training facility at 12730 W. Burleigh Rd., Brookfield, Wisconsin 53005.

17. Plaintiff operates a website at www.wifirearms.com that provides information and advertisement under the WI FIREARMS mark about Plaintiff's goods and services offered under the WISCONSIN FIREARMS mark and WI FIREARMS mark.

18. Through its continuous use of the WISCONSIN FIREARMS mark in the State of Wisconsin and elsewhere, Plaintiff developed significant common law rights in the WISCONSIN FIREARMS mark.

19. Through its continuous use of the WI FIREARMS mark in the State of Wisconsin and elsewhere, Plaintiff developed significant common law rights in the WI FIREARMS mark.

20. On information and belief, on or about 2019, Defendant began offering firearms transfer services under the name Wisconsin Firearms & Transfers.

21. On information and belief, on or about 2021, Defendant began offering firearms transfer services and instructional services under the name Wisconsin Firearms & Transfers from its location at 20316 W. Main St., Lannon, Wisconsin, 53046.

22. Defendant's location at 20316 W. Main St., Lannon, Wisconsin, 53046 uses the WISCONSIN FIREARMS mark in its advertising signage, as depicted below



23. Defendant's location at 20316 W. Main St., Lannon, Wisconsin, 53046 uses the WI FIREARMS mark in its advertising signage, as depicted below:

4



24. Defendant's website at www.witransfers.com uses the WI FIREARMS mark and WISCONSIN FIREARMS mark to advertise its services, as depicted below:



25. On information and belief, Defendant provides firearms transfer services under the WISCONSIN FIREARMS mark and WI FIREARMS mark.

5

26. On information and belief, Defendant provides firearms training and education services under the WISCONSIN FIREARMS mark and WI FIREARMS mark.

27. Plaintiff has priority with respect to the WISCONSIN FIREARMS mark because it used the WISCONSIN FIREARMS mark long before Defendant's first use.

28. Plaintiff has priority with respect to the WI FIREARMS mark because it used the WI FIREARMS mark long before Defendant's first use.

29. Upon information and belief, Defendant knew about Plaintiff's WISCONSIN FIREARMS mark before Defendant adopted the WISCONSIN FIREARMS mark and variants for its own use.

30. Upon information and belief, Defendant knew about Plaintiff's WI FIREARMS mark before Defendant adopted the WI FIREARMS mark and variants for its own use.

31. Defendant's WISCONSIN FIREARMS mark and variants is identical or confusingly similar to Plaintiff's WISCONSIN FIREARMS mark in appearance, sound, and commercial impression.

32. Defendant's WI FIREARMS mark and variants is identical or confusingly similar to Plaintiff's WI FIREARMS mark in appearance, sound, and commercial impression.

33. Defendant's goods and services are either identical or closely related to Plaintiff's goods and services.

34. The parties' goods and services are marketed and rendered in the same trade channels to the same consumers or class of consumers.

35. Based on the identity and/or similarities in the parties' marks, goods, services, trade channels, and consumers, consumers are likely to believe that Defendant's goods and services

6

Case 2:22-cv-00756-JPS   Filed 06/29/22   Page 6 of 10   Document 1

originate from Plaintiff or are otherwise endorsed, sponsored, or approved by Plaintiff, resulting in a likelihood of confusion in the marketplace and damage to Plaintiff.

36. Defendant's use of the WISCONSIN FIREARMS mark and WI FIREARMS mark and variants has caused and will continue to cause actual confusion in the marketplace and with consumers.

### COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

37. Plaintiff hereby incorporates by reference paragraphs 1-36 as if fully set forth herein.

38. Defendant's conduct, including its use of the WISCONSIN FIREARMS mark and WI FIREARMS mark as a source designator for its goods and services, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a).

39. To the extent that Defendant falsely designated its business and competed unfairly with Plaintiff after having knowledge of Plaintiff's mark and business, such actions constitute intentional and willful false designation of origin and unfair competition and an intentional attempt to trade on the goodwill associated with the goods and services offered by Plaintiff.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damage, including irreparable harm to its business and reputation.

### COUNT II – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

41. Plaintiff hereby incorporates paragraphs 1-36 as if fully set forth herein.

42. Defendant's conduct, including its use of the WISCONSIN FIREARMS mark and the WI FIREARMS mark as a source designator for its goods and services, constitutes trademark infringement of Plaintiff's common law trademark rights in its WISCONSIN FIREARMS mark and WI FIREARMS mark.

43. To the extent Defendant infringed and/or continues infringement of Plaintiff's WISCONSIN FIREARMS mark and WI FIREARMS mark having knowledge of Plaintiff's mark and business, such actions constitute intentional and willful infringement and an intentional attempt to trade on the goodwill associated with the goods and services offered by Plaintiff.

44. As a direct and proximate result of Defendant's actions, Plaintiff has been suffering and continues to suffer damage, including irreparable harm to its business and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court adjudge that Defendant has unfairly competed with Plaintiff under 15 U.S.C. §1125(a) by the confusingly similar use of Plaintiff's WISCONSIN FIREARMS mark and WI FIREARMS mark.

B. That the Court adjudge that Defendant has infringed Plaintiff's trademark rights under common law.

C. That Defendant be ordered to destroy all promotion materials, advertising, and other items, whether in physical or electronic form, containing any name or mark that is identical or confusingly similar to the WISCONSIN FIREARMS mark and/or WI FIREARMS mark.

D. That Defendant and all those in active concert or participation with it be enjoined from:

(1) Using for any goods and services any name, mark, trade dress, indication of source or other identifier that is identical or similar in whole or in part to Plaintiff's WISCONSIN FIREARMS mark and/or WI FIREARMS mark.

(2) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or its business, goods, or services, emanate from or are connected with, sponsored by, or approved by Plaintiff.

8

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

E. That Defendant be ordered to account for and pay to Plaintiff the damage sustained by Plaintiff due to Defendant's infringement of Plaintiff's trademark rights.

F. That Plaintiff be awarded all profits derived by Defendant by reason of its infringement of Plaintiff's trademark rights and unfair competition, and all other sums by which Defendant has been unjustly enriched.

G. That Plaintiff be awarded all damages incurred by reason of Defendant's trademark infringement of Plaintiff's rights and Defendant's unfair competition.

H. That Defendant be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court.

I. That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that Plaintiff be awarded increased damages.

J. That an assessment of costs and attorneys' fees for this action be made against Defendant.

K. That Plaintiff be awarded pre-judgment and post-judgment interest on any damage award.

L. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Wisconsin Firearms Training Center, Inc., demands a jury trial.

Date: June 29, 2022

Respectfully submitted,

*s/Christopher R. Liro*
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590
Fax: (414) 271-5770